UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                            Case No. 06-10064 (SMB)

MUSICLAND HOLDINGS CORP., *et al.*,[1]                    Chapter 11

                           Debtors.                     Jointly Administered
------------------------------------------------------------X
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MUSICLAND HOLDINGS
CORP., *et al.*,

                           Plaintiff,              Adv. Proc. No. 06-              (SMB)

         - against -

EMI MUSIC INC. a/k/a EMI MUSIC
MARKETING a/k/a EMI RECORDED MUSIC,
NORTH AMERICA a/k/a EMI MUSIC NORTH
AMERICA, EMI MUSIC NORTH AMERICA,
LLC and CAROLINE RECORDS INC. d/b/a
CAROLINE DISTRIBUTION,
                           Defendants.
------------------------------------------------------------X

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
AND/OR FRAUDULENT TRANSFERS, AND FOR OTHER RELIEF**

Plaintiff, the Official Committee of Unsecured Creditors ("Plaintiff" or the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their counsel Hahn & Hessen LLP, hereby files this Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers and, in support thereof, states:

---

[1] The Debtors are: Musicland Holding Corp., Media Play, Inc., MG Financial Services, Inc., MLG Internet, Inc., Musicland Purchasing Corp., Musicland Retail, Inc., Request Media, Inc., Sam Goody Holding Corp., Suncoast Group, Inc., Suncoast Holding Corp., Suncoast Motion Picture Company, Inc., Suncoast Retail, Inc., TMG Caribbean, Inc., TMG-Virgin Islands, Inc., and The Musicland Group, Inc.

- 1 -

## NATURE OF THE ACTION

1. This is an adversary proceeding brought in the above-captioned bankruptcy cases pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain preferential and/or fraudulent transfers made by the Debtors to the above-captioned defendants EMI Music Inc. a/k/a EMI Music Marketing a/k/a EMI Recorded Music, North America a/k/a EMI Music North America, EMI Music North America, LLC (collectively, "EMI") and Caroline Records Inc. d/b/a Caroline Distribution ("Caroline", collectively with EMI, the "Defendants") and to recover the value thereof, pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 547, 548, 550 and 551.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6. On January 12, 2006 (the "Petition Date"), the Debtors commenced with this Court, voluntary cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7. On January 20, 2006, the United States Trustee for the Southern District of New York appointed seven of the Debtors' largest unsecured creditors to the Committee.

8. Since the Petition Date, the Debtors have been managing their affairs and conducting their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9. On February 21, 2006, this Court entered an order (the "DIP Order") approving the Debtors' motion for post-petition financing (the "DIP Motion") which, *inter alia*, provided, pursuant to section 4.6.3, the Committee with sixty days from the date of appointment of counsel to the Committee to file certain claims against the "Secured Trade Creditors" (the "DIP STC Claims").

10. Pursuant to several so-ordered stipulations, the Committee's time to file the DIP STC Claims was extended up to and including November 3, 2006.

11. Upon information and belief, (a) EMI are corporations or other legal entities incorporated and/or formed under Delaware law; (b) Caroline is a corporation incorporated and/or formed under New York law; and (c) Defendants have been identified as Secured Trade Creditors under section 4.6.3 of the DIP Order or by their counsel.

**THE EMI TRANSFERS**

12. On or within 90 days prior to the Petition Date (the "Preference Period"), Musicland Purchasing Corp. ("MPC"), one of the Debtors, made one or more monetary transfer to or for the benefit of EMI, as set forth on Exhibit "A" annexed hereto (the "Known EMI Monetary Transfers"). The list of transfers on Exhibit "A" does not include payments which were made one (1) day after the invoice date, on the invoice date or prior to the invoice date, as the Committee believed that such transfers were be considered either prepayments or contemporaneous exchanges, and thus not recoverable as preferences (the "EMI Prepayments").

871115.009 - 1225890.1

13. Exhibit "A" reflects the Committee's present knowledge of the monetary transfers made to EMI by MPC. During the course of this proceeding the Committee may learn (through discovery or otherwise) of additional monetary transfers made by MPC or any of the other Debtors to the EMI during the Preference Period or that an EMI Prepayment was in fact an avoidable transfer. The Committee is seeking to avoid and recover all such monetary transfers, whether such monetary transfers presently are reflected on Exhibit "A" or not. Collectively, all avoidable monetary transfers made by the Debtors to or for the benefit of EMI during the Preference Period (whether such monetary transfers presently are reflected on Exhibit "A" or not) are referred to herein as the "EMI Monetary Transfers".

14. During the Preference Period, the Debtors returned various goods to or for the benefit of EMI. Those returns and their value are reflected in various chargebacks which are set forth on Exhibit "B" annexed hereto (the "Known EMI Returned Goods Transfers").

15. Exhibit "B" reflects the Committee's present knowledge of the returned goods made by the Debtors to EMI. During the course of this proceeding the Committee may learn (through discovery or otherwise) of additional returned goods made by the Debtors to the EMI during the Preference Period. The Committee is seeking to avoid and recover the value of all such transfers, whether such transfers presently are reflected on Exhibit "B" or not. Collectively, all avoidable transfers made by the Debtors of returned goods to or for the benefit of EMI during the Preference Period (whether such transfers presently are reflected on Exhibit "B" or not) are referred to herein as the "EMI Returned Goods Transfers", collectively with the EMI Monetary Transfers, the "EMI Transfers").

**THE CAROLINE TRANSFERS**

16. During the Preference Period, MPC made one or more monetary transfer to or for the benefit of Caroline, as set forth on Exhibit "C" annexed hereto (the "Known Caroline Monetary Transfers"). The list of transfers on Exhibit "C" does not include payments which were made one (1) day after the invoice date, on the invoice date or prior to the invoice date, as the Committee believed that such transfers were be considered either prepayments or contemporaneous exchanges, and thus not recoverable as preferences (the "Caroline Prepayments").

17. Exhibit "C" reflects the Committee's present knowledge of the monetary transfers made to Caroline by MPC. During the course of this proceeding the Committee may learn (through discovery or otherwise) of additional monetary transfers made by MPC or any of the other Debtors to Caroline during the Preference Period or that a Caroline Prepayment was in fact an avoidable transfer. The Committee is seeking to avoid and recover all such monetary transfers, whether such monetary transfers presently are reflected on Exhibit "C" or not. Collectively, all avoidable monetary transfers made by the Debtors to or for the benefit of Caroline during the Preference Period (whether such monetary transfers presently are reflected on Exhibit "C" or not) are referred to herein as the "Caroline Monetary Transfers".

18. During the Preference Period, the Debtors returned various goods to or for the benefit of Caroline. Those returns and their value are reflected in various chargebacks which are set forth on Exhibit "D" annexed hereto (the "Known Caroline Returned Goods Transfers").

19. Exhibit "D" reflects the Committee's present knowledge of the returned goods made by the Debtors to Caroline. During the course of this proceeding the Committee may learn (through discovery or otherwise) of additional returned goods made by the Debtors to the Caroline during the Preference Period. The Committee is seeking to avoid and recover the value

of all such transfers, whether such transfers presently are reflected on Exhibit "D" or not. Collectively, all avoidable transfers made by the Debtors of returned goods to or for the benefit of Caroline during the Preference Period (whether such transfers presently are reflected on Exhibit "D" or not) are referred to herein as the "Caroline Returned Goods Transfers", collectively with the Caroline Monetary Transfers, the "Caroline Transfers").

## FIRST CAUSE OF ACTION
### (Preference Claim Against EMI)

20. The Committee repeats and realleges paragraphs "1" through "15" hereof as if fully set forth herein.

21. The EMI Transfers were made within 90 days prior to the Petition Date.

22. The EMI Transfers were transfers of an interest of one or more of the Debtors in property.

23. The EMI Transfers were made to or for the benefit of EMI, a creditor of one or more of the Debtors.

24. The EMI Transfers were made for or on account of antecedent debts owed to EMI by one or more of the Debtors before such Transfers were made.

25. The EMI Transfers were made while the Debtors were insolvent.

26. The EMI Transfers enabled EMI to receive more than EMI would receive if: (i) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the EMI Transfers had not been made; and (iii) EMI received payment on account of the debt paid by the EMI Transfers to the extent provided by the provisions of the Bankruptcy Code.

27. The EMI Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from EMI pursuant to Bankruptcy Code § 550.

## SECOND CAUSE OF ACTION
### (Fraudulent Transfer Claim Against EMI)

28. The Committee pleads this Second Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "15" and "20" through "27" above as if fully set forth herein. The Committee brings this Second Cause of Action in the event that EMI asserts that one or more of the EMI Transfers was made on behalf of a Debtor other than the Debtor that owed the corresponding antecedent debt.

29. The EMI Transfers constitute transfers of an interest of the Debtors in property.

30. The Debtors received less than a reasonably equivalent value in exchange for the EMI Transfers.

31. The Debtors (i) were insolvent on the date that the EMI Transfers were made, or became insolvent as a result of the EMI Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

32. The EMI Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from EMI pursuant to Bankruptcy Code § 550.

## THIRD CAUSE OF ACTION
### (Disallowance of EMI's Proofs of Claim or Scheduled Claims)

33. The Committee repeats and realleges the allegations of paragraphs "1" through "15" and "20" through "32" above as if fully set forth herein.

- 7 -

34. EMI is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

35. EMI has not paid the amount, or turned over such property, for which EMI is liable under section 550 of the Bankruptcy Code.

36. To the extent that EMI currently possesses filed or scheduled claims (or a portion thereof) against the Debtors which have not been transferred or assigned to an unrelated party who is not a member of the Secured Trade Creditors Committee (as defined in the DIP Motion) (the "EMI Claims"), the EMI Claims should be disallowed until the EMI Transfers are repaid in full to the Debtors pursuant to section 502(d) of the Bankruptcy Code.

**FOURTH CAUSE OF ACTION**
**(Preference Claim Against Caroline)**

37. The Committee repeats and realleges paragraphs "1" through "11" and "16" through "19" hereof as if fully set forth herein.

38. The Caroline Transfers were made within 90 days prior to the Petition Date.

39. The Caroline Transfers were transfers of an interest of one or more of the Debtors in property.

40. The Caroline Transfers were made to or for the benefit of Caroline, a creditor of one or more of the Debtors.

41. The Caroline Transfers were made for or on account of antecedent debts owed to Caroline by one or more of the Debtors before such Transfers were made.

42. The Caroline Transfers were made while the Debtors were insolvent.

43. The Caroline Transfers enabled Caroline to receive more than Caroline would receive if: (i) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the

Caroline Transfers had not been made; and (iii) Caroline received payment on account of the debt paid by the Caroline Transfers to the extent provided by the provisions of the Bankruptcy Code.

44.    The Caroline Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from Caroline pursuant to Bankruptcy Code § 550.

### FIFTH CAUSE OF ACTION
### (Fraudulent Transfer Claim Against Caroline)

45.    The Committee pleads this Fifth Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "11", "16" through "19" and "37" through "44" above as if fully set forth herein. The Committee brings this Fifth Cause of Action in the event that Caroline asserts that one or more of the Transfers was made on behalf of a Debtor other than the Debtor that owed the corresponding antecedent debt.

46.    The Caroline Transfers constitute transfers of an interest of the Debtors in property.

47.    The Debtors received less than a reasonably equivalent value in exchange for the Caroline Transfers.

48.    The Debtors (i) were insolvent on the date that the Caroline Transfers were made, or became insolvent as a result of the Caroline Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

- 9 -

49. The Caroline Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from Caroline pursuant to Bankruptcy Code § 550.

### SIXTH CAUSE OF ACTION
### (Disallowance of Caroline's Proofs of Claim or Scheduled Claims)

50. The Committee repeats and realleges the allegations of paragraphs "1" through "11", "16" through "19" and "37" through "49" above as if fully set forth herein.

51. Caroline is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

52. Caroline has not paid the amount, or turned over such property, for which Caroline is liable under section 550 of the Bankruptcy Code.

53. To the extent that Caroline currently possesses filed or scheduled claims (or a portion thereof) against the Debtors which have not been transferred or assigned to an unrelated party who is not a member of the Secured Trade Creditors Committee (as defined in the DIP Motion) (the "Caroline Claims"), the Caroline Claims should be disallowed until the Caroline Transfers are repaid in full to the Debtors pursuant to section 502(d) of the Bankruptcy Code.

### SEVENTH CAUSE OF ACTION
### (Fraudulent Transfer Claim Against the Defendants)

54. The Committee pleads this Seventh Cause of Action in the alternative and restate and reallege the allegations of paragraphs "1" through "53" above as if fully set forth herein. The Committee brings this Seventh Cause of Action in the event that one or both of the Defendants assert that one or more of the EMI Transfers or the Caroline Transfers were made to a Defendant other than the Defendant that was owed the corresponding antecedent debt.

- 10 -

55. The EMI Transfers and the Caroline Transfers constitute transfers of an interest of the Debtors in property.

56. The Debtors received less than a reasonably equivalent value in exchange for the EMI Transfers and the Caroline Transfers.

57. The Debtors (i) were insolvent on the date that the EMI Transfers and the Caroline Transfers were made, or became insolvent as a result of the EMI Transfers and the Caroline Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

58. The EMI Transfers and the Caroline Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from the Defendants pursuant to Bankruptcy Code § 550.

**WHEREFORE,** for the foregoing reasons, the Committee respectfully requests the following relief:

A. That the EMI Transfers and Caroline Transfers be avoided;

B. That judgment be entered in favor of the Committee and against EMI, in an amount at least $3,718,940.54 (plus such additional transfer amounts that the Committee learns, through discovery or otherwise, were made by the Debtors to EMI during the Preference Period), plus interest at the legal rate from the date of the EMI Transfers, together with all costs of this action;

C. That judgment be entered in favor of the Committee and against Caroline, in an amount at least $708,087.80 (plus such additional transfer amounts that the Committee learns,

through discovery or otherwise, were made by the Debtors to Caroline during the Preference Period), plus interest at the legal rate from the date of the Caroline Transfers, together with all costs of this action;

      D.      That the EMI Claims be disallowed until the EMI Transfers are repaid to the Debtors pursuant to 11 U.S.C. § 502(d);

      E.      That the Caroline Claims be disallowed until the Caroline Transfers are repaid to the Debtors pursuant to 11 U.S.C. § 502(d); and

      F.      That the Committee be granted such other and further relief as is just and proper.

Dated: New York, New York
         November 3, 2006

**HAHN & HESSEN LLP**

*/s/ Mark S. Indelicato*
Mark S. Indelicato (MI-1459)
Mark T. Power (MP-1607)
Edward L. Schnitzer (ES-6299)
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Counsel to The Official Committee of Unsecured Creditors of Musicland Holding Corp., et al.*